**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTOPHER CROOM, R23966, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 23-cv-2885-NJR |
| LATOYA HUGHES ROB JEFFREYS,<br>And ANTHONY WILLS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME the Defendants, LATOYA HUGHES, ANTHONY WILLS and ROB JEFFREYS, by and through their attorney, KWAME RAOUL, Attorney General for the State of Illinois, and hereby file their Response to Plaintiff's Motion to Compel (Doc. 76), stating as follows:

1. On July 27, 2026, Plaintiff filed a Motion to Compel, seeking this Court to compel Defendants to "1) answer interrogatories; 2) Turn over camera footage and disclose the unencumbered space of the cells in the East Cellhouse (ECH); and 3) Produce a copy of Plaintiff's deposition." (Doc. 76).

**Interrogatories**

2. Plaintiff takes issue with Defendant Hughes' responses to interrogatories 3-7 (Doc. 76, p. 20-22) and Defendant Wills' responses to interrogatories 4, 6, and 7 (Doc. 76, p.14-16). (Doc. 76, p. 3-4).

**Interrogatory #3**

3. Interrogatory #3 asks Defendants to answer, "why have you not attempted to implement this policy/requirement at Menard?" (Doc. 76, p. 20).

4. Defendant Hughes objected to this interrogatory (Doc. 76, p. 20) as overbroad and vague as it provided no timeframe for the requested information, nor did the interrogatory reference a specific policy. Further, Defendant objected to this interrogatory because it was phrased in an argumentative manner and required the assumption of a fact, in that some policy was not implemented at Menard Correctional Center ("Menard").

5. Plaintiff later clarified, in his May 13, 2026, letter (Doc. 76, p. 25), that he was referencing Administrative Directive 05.15.105. However, even with the clarification of the policy being referenced, this interrogatory still is phrased in an argumentative manner and requires the assumption of a fact.

6. Additionally, Defendant Hughes is/was not employed at Menard and was not the Director of the Illinois Department of Corrections until approximately three months prior to Plaintiff leaving Menard. As such, assuming this interrogatory is related to the timeframe of Plaintiff's allegations in this case, which is not clear from the interrogatory itself, Defendant Hughes would be unable to provide any further information about the status of the implementation of Administrative Directive 05.15.105 at Menard during the relevant timeframe.

**Interrogatory #4**

7. Interrogatory #4 asks Defendants to answer why Plaintiff has not been afforded "this requirement." (Doc. 76, p. 14, 20).

8. Defendants objected to this interrogatory (Doc. 76, p. 14, 20) as overbroad and vague as it provided no timeframe for the requested information, nor did the interrogatory reference a specific policy. Further, Defendants objected to this interrogatory because it was phrased in an argumentative manner and required the assumption of a fact, in that Plaintiff was not afforded some requirement.

9. Plaintiff did later clarify, in his May 13, 2026, letter (Doc. 76, p. 25-27), that he was referencing Administrative Directive 05.15.105. However, even with the clarification of the policy being referenced, this interrogatory still is phrased in an argumentative manner and requires the assumption of a fact.

10. Further, the assumption of the fact in Interrogatory #4 is contrary to Defendant Wills' response to Interrogatory #3, wherein he indicates that Administrative Directive 05.15.105 has been implemented at Menard.

11. Additionally, as previously indicated, Defendant Hughes is/was not employed at Menard and was not the Director of the Illinois Department of Corrections until approximately three months prior to Plaintiff leaving Menard. As such, assuming this interrogatory is related to the timeframe of Plaintiff's allegations in this case, which is not clear from the interrogatory itself, Defendant Hughes would be unable to provide any further information about the status of the implementation of Administrative Directive 05.15.105 at Menard and how much out of cell time Plaintiff was receiving at any given time.

**Interrogatory #5**

12. Interrogatory #5 asks Defendants to answer "[w]hen exactly did 'short staff' become an issue at Menard?" (Doc. 76, p. 21).

13. Defendant Hughes objected to this interrogatory as vague and overbroad in that it failed to define "short staff" or "issue." (Doc. 76, p. 21).

14. Plaintiff's May 13, 2026, letter clarified that he was seeking to know when "short staff level III lockdowns began." (Doc. 76, p. 25-26).

15. Again, Defendant Hughes is/was not employed at Menard and was not the Director of the Illinois Department of Corrections until approximately three months prior to Plaintiff

leaving Menard. As such, assuming this interrogatory is related to the timeframe of Plaintiff's allegations in this case, which is not clear from the interrogatory itself, Defendant Hughes would be unable to provide any further information about short staffing.

16. Additionally, Plaintiff has been provided records regarding the staffing levels at Menard during the relevant timeframe.

**Interrogatory #6**

17. Interrogatory #6 asks Defendants to answer "[e]ven if short staff was not an issue, inmates in the East Cellhouse would be afforded, at most, out of cell time 2 times per week. So when will this policy be institute at Menard? In East Cellhouse?" (Doc. 76, p. 15, 21).

18. Defendants objected to this interrogatory as overbroad and vague as it provided no timeframe for the requested information, nor did the interrogatory reference a specific policy. The interrogatory as failed to define "short staff" or "issue." (Doc. 76, p. 15, 21). Further, Defendants objected to this interrogatory because it was phrased in an argumentative manner and required the assumption of a fact, in that a policy has not been implemented at Menard or in East Cellhouse. *Id.*

19. Defendant Wills further provided a response, subject to his objections, indicating that individuals in custody at Menard in East Cellhouse were being afforded out of cell time for various reasons. He further indicated that there were times at out of cell time was limited due to safety and security reasons.

20. Plaintiff's May 13, 2026, letter clarified that he was referencing Administrative Directive 05.15.105 again, however, confusingly Plaintiff indicates that the timeframe being referenced in this interrogatory is "EVER. right now, the parameters of this lawsuit." (Doc. 76, p

26). However, the clarification of the policy at issue fails to aid Defendants in providing any further answer to this interrogatory.

21. Again, Defendant Hughes is/was not employed at Menard and was not the Director of the Illinois Department of Corrections until approximately three months prior to Plaintiff leaving Menard. To the extent the interrogatory is about the timeframe related to Plaintiff's Complaint, Defendant Hughes would be unable to provide any further information.

**Interrogatory #7**

22. Interrogatory #7 asks Defendants "[a]re you aware of the psychological and physical harms inherent in locking a human being solitarily confining a human being to a cell 24 hours a day, 7 days a week?" (Doc. 76, p. 16, 22).

23. Defendants objected to this interrogatory as overbroad and vague. (Doc. 76, p. 16, 22). Further, Defendants objected to this interrogatory because it was phrased in an argumentative manner and called for an expert opinion. *Id.*

24. Subject to their objections, Defendants indicated that they are not mental health or medical providers and were therefore unqualified to provide an opinion on any psychological or physical harms based on a given situation. (Doc. 76, p. 16, 22).

25. Plaintiff's May 13, 2026, letter took issue with this response, however, instead of clarifying any issues with Interrogatory #7, he simply indicates that there is federal authority which deems solitary confinement as cruel and unusual punishment and that their answers show that they do not "care what happens to inmates in (their) charge" because they are not mental health experts. (Doc. 76, p. 26-27).

26. Plaintiff's issue with Defendants' response to Interrogatory #7 seems to be less about whether objections or responses were appropriate and more about the fact that he does not like the response provided. That is not a reason for a motion to compel.

**<u>February 26, 2026, Request for Production</u>**

27. Plaintiff's Motion to Compel next takes issue with Defendants' response to Plaintiff's February 26, 2026, Request for Production of Documents. (Doc. 76, p. 5).

**Request #1**

28. Plaintiff's Request #1 sought the "unencumbered cell space in the cells of the East Cellhouse in Menard." (Doc. 76, p. 31).

29. Defendants objected to this request as it did not include a relevant timeframe or indicate any specific cell for which it sought measurements. Defendants further indicated that subject to their objections, they were not in possession of any measurements of the unencumbered space in the cells in the East Cellhouse at Menard. (Doc. 76, p. 31).

30. On April 10, 2026, Plaintiff sent a letter which indicated that he was housed in cell 819 in 2022-2023, cell 315 in 2025, and cell 1007 in 2025. (Doc. 76, p. 34).

31. On May 1, 2026, the undersigned responded to Plaintiff's April 10, 2026, letter and indicated that undersigned had been informed that Menard does not have documents to show the unencumbered space in the cells in the East Cellhouse, including cells 819, 315, or 1007. (Doc. 76, p. 38).

32. Again, Plaintiff simply seems unhappy with the answer he has received to this request.

33. Further, Defendants are not required to *create* any such documentation to fulfill a request for production. *See* Fed. R. Civ. P. 34; *Franklin v. Hannula*, 2018 U.S. Dist. LEXIS

235709, *19 (2018), citing *Turner v. Rataczak*, 2014 U.S. Dist. LEXIS 27221, at *3 (W.D. Wis. Mar. 4, 2014) (collecting cases).

34. As such, Defendants cannot produce what does not exist.

**Request #2**

35. Plaintiff's Request #2 sought "indoor camera footage of the East Cellhouse of Menard" on five (5) separate dates in 2025 between 7:00 a.m. to 3:00 p.m. (Doc. 76, p. 32).

36. Defendants objected to this request as overbroad, explaining that a request for video footage of an eight (8) hour period on five different dates would be overly burdensome. Further, Defendants indicated that video footage is only saved if it required for an investigation, as not all video footage for twenty-four (24) hours a day, seven (7) days a week could be saved. Investigations are maintained by each investigation, not by the dates of video that are retained, as such, a search for video footage of the requested area on the requested dates would be overly burdensome to obtain and produce. (Doc. 76, p. 32).

37. Plaintiff argues, in his Motion to Compel and meet and confer letters, that this video of full eight (8) hour periods should have seemingly been maintained for two years. However, the policy referenced by Plaintiff, Menard Institutional Directive 05.014.104, relates to video footage that was pulled off of the system for an investigation or other reason and maintained. Undersigned counsel has been informed that the Menard video camera system writes over videos after a period of time. As such, only video that has been pulled off of the system for one reason or another prior to that rewriting period, is saved.

38. This portion of Plaintiff's Motion to Compel also requests that the Court compel Defendants to "follow their own rules and policy." This request is simply improper for a motion to compel and should be denied.

**Plaintiff's Deposition**

39. The last issue that Plaintiff raises is that Defendants did not produce to Plaintiff a copy of his deposition transcript. (Doc. 76, p. 7).

40. Defendants objected to Plaintiff's request for a copy of his deposition transcript as the request was inappropriate discovery on discovery, that transcript was the property of the Court Reporter, not Defendants, and that Plaintiff had equal access to purchase a copy of the transcript. (Doc. 76, p. 52-53).

41. Subject to their objections, Defendants informed Plaintiff that if they file a dispositive motion, using the deposition transcript as evidence, he would receive a copy at that time. (Doc. 76, p. 52-53).

42. Defendants maintain that they cannot just send Plaintiff a copy of his deposition transcript as it is the property of the Court Reporter.

43. Plaintiff's Motion to Compel indicates that he does not even know who to contact, however, Plaintiff signed the Errata Sheet after his deposition, which contained the phone number and website address for the company who took the deposition. Further, Plaintiff has not sought that information from undersigned.

44. To the extent that Plaintiff seeks this information to obtain his own copy of the transcript, Plaintiff can contact Lexitas at 711 North 11th Street, St. Louis, MO 63101 or 800-280-3376.

45. Based on the foregoing reasons, Defendants ask this Court to deny Plaintiff's Motion to Compel.

WHEREFORE, for the above and forgoing reasons, Defendants pray that this Court deny Plaintiff's Motion to Compel, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

LATOYA HUGHES, ANTHONY WILLS and ROB JEFFREYS,

Defendants,

KWAME RAOUL, Attorney General of the State of Illinois,

Attorney for Defendants,

By: s/Tara M. Barnett
Tara M. Barnett #6327008
Assistant Attorney General

Tara M. Barnett #6327008
Assistant Attorney General
Metro East Office
201 West Pointe Dr., Suite 7
Belleville, Illinois 62226
(618) 236-8784 Phone
(618) 236-8620 Fax
Email: tara.barnett@ilag.gov
gls@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTOPHER CROOM, R23966, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 23-cv-2885-NJR |
| LATOYA HUGHES ROB JEFFREYS, And ANTHONY WILLS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, the foregoing document, Defendants' Response to Plaintiff's Motion to Compel, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of same to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

CHRISTOPHER L CROOM R23966
MENARD
711 KASKASKIA ST.
P.O. Box 711
MENARD, ILLINOIS 62259
Sender: Office of the Attorney General
Sender ID: 6S1CKu4pej
Control #: 081226EARZ

Respectfully submitted,

s/Tara M. Barnett
Tara M. Barnett #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (618) 236-8784
Fax: (618) 236-8620
E-Mail: tara.barnett@ilag.gov
gls@ilag.gov